# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG

**TIMOTHY J. OSBORNE,**

    **Plaintiff,**

v.                                                             **Case No. 6:12-cv-01864**

**Bob A. Waters, Head Judge,**
**Parkersburg, WV,**

    **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

On June 4, 2012, the Clerk's Office received a document entitled "Motion for a Change of Seat of Venue." (ECF No. 1.) The Clerk's Office was instructed to docket the motion as a Complaint under 42 U.S.C. § 1983 because the plaintiff alleges that the defendant, a Circuit Judge for the Circuit Court of Wood County, West Virginia, "violated my Civil Rights Act of Equal Protection of being a U.S. citizen when Judge Waters would not let me, Osborne, testify as part of a plea agreement that Justin Moran murdered Roy H. Matheny and the Matheny murder had not yet been solved as in [sic; as it is still] pending." (*Id.* at 1.) The plaintiff seeks a change of venue and a trial "in your jurisdiction." (*Id.*) This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The plaintiff pled guilty to one count of wanton endangerment and one count of being a felon in possession of a firearm, pursuant to a plea agreement, in the Circuit Court of Wood County and was sentenced to a term of imprisonment of one to five years on the wanton endangerment charge and five years on the firearms charge. The plaintiff's judgment was entered on April 26, 2010. He did not file a Notice of Appeal. On October 20, 2010, the plaintiff filed a Petition for a Writ of Habeas Corpus (Case No. 10-P-184-W), which is still pending before the Circuit Court.

On April 18, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court, which was assigned Case No. 6:12-cv-01212. The undersigned has submitted a Proposed Findings and Recommendation ("PF&R") recommending that the presiding District Judge dismiss the section 2254 petition, without prejudice, for failure to exhaust state court remedies, because the plaintiff has not yet exhausted the state habeas corpus process. (Case No. 6:12-cv-01212, ECF No. 8.) The plaintiff filed a similar motion for change of venue in the section 2254 proceeding (Case No. 6:12-cv-01212, ECF No. 6), which was denied by Order entered on May 30, 2012. (Case No. 6:12-cv-01212, ECF No. 9.) It appears that the plaintiff's instant motion/complaint document crossed in the mail with the undersigned's PF&R and Order.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant who is immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

3

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.*

To the extent that the plaintiff has alleged that the conduct of Judge Waters in denying him the opportunity to testify in an unrelated murder case in exchange for a lesser sentence violated the plaintiff's constitutional or civil rights, the undersigned proposes that the presiding District Judge **FIND** that Judge Waters' decision was an act committed within his judicial jurisdiction and, thus, entitles him to absolute immunity on the plaintiff's claim.

To the extent that the plaintiff is seeking a change of venue concerning his pending state habeas corpus proceedings, the Motion for Change of Venue should be **DENIED** for the same reasons stated in the undersigned's Proposed Findings and Recommendation entered in Case No. 6:12-cv-01212.

## **RECOMMENDATION**

Due to the clear and unequivocal application of absolute judicial immunity, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

June 6, 2012

Mary E. Stanley
United States Magistrate Judge